IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY BOURDETTE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:04-CR-783 TS |

This matter is before the Court on Defendant's Motion to Amend Judgment. Defendant asks the Court to amend the judgment to recommend that he serve the remainder of his sentence in a Bureau of Prisons ("BOP") facility in Kentucky, with release to Kentucky following confinement. For the reasons discussed below, the Court will deny the Motion to Amend, but will recommend in this Order that Defendant be placed in a BOP facility in Kentucky. If, upon release, Defendant seeks to transfer his supervision to Kentucky he may file the appropriate motion at that time.

I.  BACKGROUND

Defendant was named in a three-count Indictment on November 18, 2004. Defendant pleaded guilty to count one on November 9, 2005. On January 30, 2006, Defendant was sentenced to 103 months in BOP custody with 36 months of supervised release to follow. The judgment did not recommend placement in any particular facility. Defendant now moves to amend the judgment to include a recommendation that he serve the remainder of his sentence in a BOP facility in Kentucky to facilitate family visitation.

II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]  "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

Section 3582(c) does not apply. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government, though the government does not object to Defendant's Motion. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here.

Though the Court cannot amend the judgment as requested, the Court will make the recommendation to the BOP that Defendant serve the remainder of his sentence in a BOP facility

---

[4] *Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

in Kentucky.  The Court notes, however, that this recommendation is not binding on the BOP and it is the BOP that has the ultimate authority in determining where Defendant serves his sentence.[6]

Defendant also seeks to be released to Kentucky following confinement.  To the extent that Defendant wishes to be supervised in Kentucky after his release, he may file a motion to that end at the appropriate time.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 21) is DENIED. However, the Court will recommend to the BOP that Plaintiff serve the remainder of his sentence in a facility in Kentucky.  Counsel for Defendant is directed to provide a copy of this order to the Bureau of Prisons.

DATED   June 11, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] 18 U.S.C. § 3621(b).